**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEONTE SPICER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 1:10-001576 (HHK) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA *ET AL,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT ROBERT FOWLER, WILLIAM CONNER, ANTHONY D. LANCASTER AND MICHAEL MAKLE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Robert Fowler, William Conner, Anthony D. Lancaster and Michael Makle by and through undersigned counsel, answer the complaint herein as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

As to each of the numbered paragraphs of the Complaint, Defendants specifically answer as follows:

JURISDICTION AND VENUE[1]

1. Defendants admit the existence of the statutory authority cited in paragraph 1 of the complaint, but deny that it necessarily confers jurisdiction over the Defendant solely by reason thereof.

2. Defendants admit the existence of the statutory authority cited in paragraph 2 of the complaint, but deny that it necessarily confers proper venue in this matter.

PLAINTIFF

---

[1] For convenience and clarity, Defendant adopts the headings and paragraph numbers from the Complaint.

3. Defendants admit that Deonte Spicer was in the custody of the District of Columbia Department of Corrections at the time of the incident. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 3.

## DEFENDANTS

4. Defendants admit that the District of Columbia is a municipal government. The remaining allegations in paragraph 4 are legal conclusions of the pleader which require no response.

5. The allegations in paragraph 5 concern another Defendant and are legal conclusions of the pleader, thus no response is required. To the extent a response is required, the allegations are denied.

6. Defendant Anthony Lancaster admits that he was an officer with the Department of Corrections at the time of the incident referenced in the complaint.

7. Defendant Michael Makle admits that he was an officer with the Department of Corrections at the time of the incident referenced in the complaint.

8. Defendant Conner admits that he was an officer with the Department of Corrections at the time of the incident referenced in the complaint.

9. Defendant Fowler admits that he was an officer with the Department of Corrections at the time of the incident referenced in the complaint.

10. Paragraph 10 of the complaint contains factual and legal conclusions not requiring a response. To the extent a response is required the Defendants deny the allegations and demands strict proof thereof.

11. Defendants deny the allegations in paragraph 11 and demands strict proof thereof.

12. Defendants deny the allegations in paragraph 12 and demands strict proof thereof.

13. Defendants deny the allegations in paragraph 13 and demands strict proof thereof.

14. Defendants deny the allegations in paragraph 14 and demands strict proof thereof.

15. Defendants deny the allegations in paragraph 15 and demands strict proof thereof.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 16.

17. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 17.

18. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in unnumbered paragraph 18.

19. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in paragraph 19.

20. Exhibit C is a document that speaks for itself, thus no response is required.

## LEGAL CLAIMS

21. Defendants reassert each of their defenses in paragraphs 1-20 above and incorporates them by reference herein.

22. Paragraph 22 of the complaint contains factual and legal conclusions not requiring a response. To the extent a response is required the Defendants deny the allegations and demands strict proof thereof.

23. Paragraph 23 of the complaint contains factual and legal conclusions not requiring a response. To the extent a response is required the Defendants deny the allegations and demands strict proof thereof.

24. Paragraph 24 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

25. Paragraph 25 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

26. Paragraph 26 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

27. Paragraph 27 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

28. Unnumbered paragraph 28 of the complaint contains Plaintiff's prayer for relief, to which a response is not required.

29. Paragraph 29 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

30. Paragraph 30 of the complaint contains Plaintiff's prayer for relief, to which a a response is not required.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses in order to preserve its rights under the Rules of this Court, based upon limited information available to it at the time of the filing of this pleading:

## THIRD DEFENSE

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference and unconstitutional policy or custom.

## FOURTH DEFENSE

If Plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

## FIFTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

## SIXTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages were the result of a person or persons other than these Defendants.

## SEVENTH DEFENSE

If Plaintiff was injured and damaged as alleged in the Complaint, said injuries and/or damages were the result of the plaintiff's sole, joint, or concurring negligence with a person or persons other than the Defendants.

## EIGHTH DEFENSE

Plaintiff's claims are barred by qualified immunity.

## NINTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## TENTH DEFENSE

Defendants assert absolute immunity, absence of bad faith and absence of gross negligence.

## ELEVENTH DEFENSE

The action may be barred by the applicable statute of limitations or laches.

## TWELFTH DEFENSE

The action may be barred by issue or claim prelusion, or may not have accrued.

## THIRTEENTH DEFENSE

Plaintiff failed to exhaust his administrative remedies.

## FOURTEENTH DEFENSE

Defendants reserve the right to amend his Answer to the Complaint and to raise any additional defenses which the evidence in discovery may reveal.

## FIFTEENTH DEFENSE

This Court lacks subject matter jurisdiction over this action because this action is barred by the doctrine of sovereign immunity, public duty doctrine and/or charitable immunity.

## SIXTEENTH DEFENSE

All actions performed by Defendants, met or exceeded the applicable standard of care.

## SEVENTEENTH DEFENSE

Defendants deny violating any of plaintiff's statutory or constitutional rights.

## EIGHTEENTH DEFENSE

Plaintiff has failed to state a claim entitling her to attorney's fees and costs.

## NINETEENTH DEFENSE

Plaintiff's damages, if any, are the result of an intervening, and/or superseding and/or supervening cause(s) for which the Defendants are not responsible.

## TWENTIETH DEFENSE

All force used by Defendants were reasonable under the circumstances.

## TWENTY-FIRST DEFENSE

Plaintiff failed to state a claim for punitive damages.

## TWENTY-SECOND DEFENSE

Plaintiff failed to state a claim under 42 U.S.C. § 1983.

## SET-OFF

Defendants assert a set-off for all funds and services provided to plaintiff through Medicare, Medicaid, public assistance or other sources.

**JURY DEMAND**

Defendants hereby request a trial by jury on all issues so triable.

                                Respectfully submitted,

                                IRVIN B. NATHAN
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Kimberly Johnson*
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Sec. I

*/s/ Soriya R. Chhe*
SORIYA R. CHHE
Assistant Attorney General
Bar Number 986736
Suite 600S
441 4th Street
Washington, D.C.  20001
(202) 724-6522
(202) 741-0581 (fax)
E-mail: soriya.chhe@dc.gov
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2011, a copy of the foregoing answer was served by regular mail on:

Deonte Spicer
#35679-007
FCC Coleman USP #1
P.O. Box 1033
Coleman, FL 33521-1033
*Plaintiff Pro Se*

                                /s/      Soriya R. Chhe
                                Soriya R. Chhe
                                Assistant Attorney General