UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEONTE SPICER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-1576 (BJR) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on defendant William Thomas' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and on the remaining defendants' motion for partial judgment on the pleadings under Rule 12(c). The Court denies the former and grants the latter.

### I.  BACKGROUND[1]

Deonte Spicer ("Plaintiff") has brought this action against the District of Columbia, correctional officers Anthony D. Lancaster ("Lancaster"), Michael A. Makie ("Makie"), William Conner ("Conner") and Robert Fowler ("Fowler"), and their supervisor, Lieutenant William Thomas ("Lt. Thomas"), under 42 U.S.C. § 1983 and the common law of the District of Columbia. *See* Amended Complaint ("Am. Compl.") at 1 (introductory paragraph). Although

---

[1]    For purposes of this Memorandum Opinion, the Court accepts as true the allegations of Plaintiff's Amended Complaint. *See Haynesworth v. Miller,* 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987)*, overruled on other grounds by Hartman v. Moore,* 547 U.S. 250 (2006).

1

Plaintiff has been serving his sentence at a Federal Bureau of Prisons ("BOP") facility, the events giving rise to this action occurred while Plaintiff was in the District of Columbia's custody at the Central Detention Facility ("D.C. Jail").  *See id.* ¶ 1.

Deputy United States Marshals transported Plaintiff to the District of Columbia in order that Plaintiff could appear at a proceeding related to the appeal of his criminal conviction.  *See id.* ¶¶ 7-9.  Plaintiff arrived at the D.C. Jail on October 30, 2009, *id.* ¶ 7, and upon his entry into the Receiving and Discharge Unit ("R&D"), Lancaster recognized him, *id.* ¶ 9.  After searching Plaintiff, Lancaster led him "to an adjacent area that was not monitored by video cameras and where Officers Makie, Conner, and Fowler were waiting." *Id.* ¶ 10.  The four corrections officers then punched, kicked and stomped on Plaintiff. *See id.* ¶¶ 11-13.  The officers then handcuffed Plaintiff's hands behind his back, lifted him "by the throat," and "continued to punch and kick" him. *Id.* ¶ 14.  Plaintiff fell to the floor, and one of the officers photographed him. *Id.* ¶ 15.  Lt. Thomas arrived after the assault ended. *Id.* ¶ 17.  He "suggested that [Plaintiff] had started the incident by attempting to hit one of the officers." *Id..*  Along with Lancaster, Makie, Conner and Fowler, Lt. Thomas "filled out a disciplinary report" representing that Plaintiff "attempted to hit Officer Fowler 'on the right side of [his] face.'" *Id.* ¶ 18.  A disciplinary review panel considered the report and found Plaintiff not guilty. *Id.* ¶¶ 25-26.

A subsequent medical examination showed that Plaintiff suffered "a fracture of the cuboid bone in the left foot." *Id.* ¶ 22.  He wore a cast for over two months and took medication for pain. *Id.* ¶ 23.  In addition, Plaintiff "suffered psychological pain, anxiety, and distress" as a result of the attack. *Id.*  Plaintiff has sustained a permanent injury that "limits his ability to engage in athletic activities and his ability to seek employment that requires physical labor" and

prompts him to take pain medication whenever he "engages in activity above walking a short distance." *Id.* ¶ 24.

Plaintiff alleges that Lancaster, Makie, Conner and Fowler not only used unreasonable force in violation of rights protected under the Eighth Amendment to the United States Constitution, *id*. ¶ 34 (Count I), but also committed assault and battery, *id.* ¶ 37 (Count II), and intentionally inflicted emotional distress, *id.* ¶ 40 (Count III).  In addition, Plaintiff alleges negligence by the four corrections officers, *see id.* ¶¶ 43-45 (Count IV), and by their supervisor, *see id.* ¶¶ 47-50 (Count V).  He posits that Lancaster, Makie, Conner and Fowler "were under a legal duty to provide [him] reasonable care . . . as he was [an] inmate under their care and supervision," *id.* ¶ 43, and breached their duty "by punching, kicking, and striking [him] on October 30, 2009," *id.* ¶¶ 43-44 (Count IV).  Lt. Thomas, he alleges, had a duty to "ensur[e] that subordinates provided an appropriate standard of care" to inmates under their control, *id.* ¶ 47, yet "failed to prevent [the corrections officers'] tortious conduct even though [they] were under his supervision and control," *id.* ¶ 48, resulting in Plaintiff's physical and psychological injuries, *id.* ¶ 50.  Lastly, Plaintiff asserts that the District of Columbia is vicariously liable for the tortious actions of its employees.  *See id.* ¶¶ 52-54 (Count VI).

## II. DISCUSSION

### *A. Lt. Thomas' Motion to Dismiss*[2]

---

[2]   Good cause exists for Plaintiff's failure to serve process on Lt. Thomas within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure, and his motion to dismiss for failure to effectuate proper service is denied.

Lt. Thomas moves to dismiss Count V of the Amended Complaint on the ground that "Plaintiff has not pled sufficient facts to establish the elements of his negligent supervision claim." Mem. of P. & A. in Supp. of Def. William Thomas' Mot. to Dismiss Am. Compl. at 6 (page number designated by ECF). According to Lt. Thomas, the pleading "fails to allege facts which demonstrate that [he] knew or should have known that . . . Lancaster, Makie, Conner and Fowler behaved in a dangerous or otherwise incompetent manner." *Id.* Plaintiff responds by reiterating his allegations that Lt. Thomas "was negligent in failing to adequately supervise the other officers of the night of the incident," and due to the lack of adequate supervision, "they attacked an inmate and broke his foot." Pl.'s Opp'n to Def.'s Mot. to Dismiss Am. Compl. at 8.

"To establish a cause of action for negligent supervision, a plaintiff must show: that the employer 'knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.'" *Phelan v. City of Mount Ranier*, 805 A.2d 930, 937-38 (D.C. 2002) (quoting *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C. 1985)). The Court presumes without deciding that Lt. Thomas may be considered the correctional officers' employer for purposes of the negligence supervision claim. *See Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 n.11 (D.C. 2001) (noting "that a claim of negligent supervision does not require proof that the supervised person was also an employee or agent").

The Amended Complaint "is somewhat light on factual allegations," *James v. District of Columbia*, 869 F. Supp. 2d 119, 121 (D.D.C. 2012), with respect to the negligent supervision claim against Lt. Thomas. However, Plaintiff's burden at the pleading stage is minimal, and he manages – barely – to set forth "a short and plain statement establishing that [he] is entitled to relief and providing [Lt. Thomas] with sufficient notice" of the claim against him. *Hopkins v.*

4

*Blue Cross & Blue Shield Assoc.*, No. 10-0900, 2010 WL 5300536, at *7 n.1 (D.D.C. Dec. 21, 2010).  Lt. Thomas' motion to dismiss, therefore, will be denied.  *See Linares v. Jones*, No. 04-0247, 2007 WL 1601725, at *7 (D.D.C. June 4, 2007).

### B. *Defendants' Motion for Partial Judgment on the Pleadings*

Defendants maintain that "Plaintiff has pled this case as an intentional assault."  Defs.' Mot. for Partial J. on the Pleadings at 6 (page numbers designated by ECF).  Without "other facts separate and apart" from the factual allegations pertaining to the cause of his injuries, Defendants argue that Plaintiff "has not pled and cannot establish a separate and distinct claim for negligence."  *Id.* at 6-7.  They demand judgment in their favor on Count IV of the Amended Complaint "based on Plaintiff's failure to state a claim for negligence."  *Id.* at 1.

"[A]n assault may be defined as an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim," and a battery "is an intentional act that causes a harmful or offensive bodily contact."  *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993) (citations omitted).  Assault and battery are intentional acts; they cannot be committed negligently.  *See District of Columbia v. Chinn*, 839 A.2d 701, 708 (D.C. 2003) ("[I]t is impossible to negligently commit assault and/or battery as the states of mind are separate and incompatible."); *Sabir v. District of Columbia*, 755 A.2d 449, 453 (D.C. 2000) ("Thus it is settled that a person cannot negligently commit an intentional tort.").  Thus, for example, "[u]nder District of Columbia law, a plaintiff who simultaneously asserts claims for negligence and assault and battery based on excessive force must ensure that the negligence claim is: (1) distinctly pled; (2) based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself; and (3) violative of a distinct standard of care."

*Dormu v. District of Columbia*, 795 F. Supp. 2d 7, 30 (D.D.C. 2011) (quoting *Chinn,* 839 A.2d at 711) (internal quotation marks omitted).  Because "[t]he duty not to use excessive force cannot serve as the standard of care for the negligence count," *Chinn*, 839 A.2d at 711, Plaintiff can maintain both his assault and battery claim and his negligence claim only if he identifies "an independent breach of a standard of care beyond that of not using excessive force . . . , which may properly be analyzed . . . on its own terms apart from the intentional tort[s]," *id.* at 707.

  Plaintiff responds that he "has alleged both that the correctional officers assaulted him, and separately, that they violated their duty to provide reasonable care to him as an inmate in their custody."  Pl.'s Opp'n to Defs.' Mot. for Partial J. on the Pleadings ("Pl.'s Opp'n") at 3.  For example, Plaintiff refers to his allegations, *see* Am. Compl. ¶¶ 16-18, "describ[ing] the lack of supervision, oversight and reporting by the Defendants after they assaulted [him], which form the basis of separate breaches of their duties."  Pl.'s Opp'n at 4-5.  He also refers to Defendants' other actions after the assault -- handcuffing him, holding him by the throat, failing to prevent him from being unreasonably restrained, photographing him, and failing to conduct an investigation – as if they were allegations of negligence separate and distinct from allegations of assault.  *Id.* at 5-6.  These arguments are not persuasive.

  The sole alleged breach of the correctional officers' duty of care is the "punching, kicking, and striking [of Plaintiff] on October 30, 2009."  Am. Compl. ¶ 44.  Missing is a claim of negligence that is both "distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the [intentional torts] and violative of a distinct standard of care."  *Chinn*, 839 A.2d at 711.  Plaintiff "may not bootstrap from the battery proof alone" that defendants were negligent, *id.* at 710, and there simply are no factual allegations separate from those comprising the intentional tort claims to support a distinct negligence claim.

6

In short, "[i]nvoking the words 'duty,' 'breach,' 'cause,' and 'injury' does not transform an intentional tort into negligence." *Kivanc v. Ramsey*, 407 F. Supp. 2d 270, 277 (D.D.C. 2006). Defendants' motion for partial judgment on the pleadings, therefore, will be granted. *See, e.g., Magliore v. Brooks*, 844 F. Supp. 3d 38, 45 (D.D.C. 2012) (granting summary judgment for defendants on negligence claim "based principally on the [police] officers' intentional use of force, factual allegations indistinct from those advanced in support of his excessive force and assault and battery claims"); *Lucas v. District of Columbia*, 505 F. Supp. 2d 122, 127 (D.D.C. 2007) ("Because [plaintiff] rests his claims concerning an alleged breach of a duty of care on excessive force, he fails to state a claim upon which relief can be granted for a cause of action sounding in negligence."); *see also Rawlings v. District of Columbia*, 820 F. Supp. 2d 92, 109 (D.D.C. 2011) (finding that alternative scenario alleging negligence based on unreasonable use of force presents a claim "indistinguishable from the assault and battery claim").

### III.  CONCLUSION

Plaintiff's Amended Complaint sets forth neither a negligent supervision claim against Lt. Thomas, and it fails to allege a negligence claim against Lancaster, Mackie, Conner and Fowler separate and apart from the assault and battery claim. Accordingly, Lt. Thomas' motion to dismiss Count V of the Amended Complaint will be denied, and judgment on the pleadings will be granted on Count IV in the defendants' favor. An Order accompanies this Memorandum Opinion.

DATE:  January 2, 2013                              /s/
                                                    BARBARA J. ROTHSTEIN
                                                    United States District Judge

7